# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

IN RE APPLICATION OF
**HAND HELD PRODUCTS, INC.**
FOR AN ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782,

    Applicant.

Civil Action No. 1:24-mc-91378

## APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
## TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING

1.      Hand Held Products, Inc. ("Hand Held" or "Applicant"), by and through its counsel, hereby applies to the Court for an Order under 28 U.S.C. § 1782(a) granting it leave to serve subpoenas on Scandit, Inc. ("Scandit, Inc." or "Respondent") for use in two pending patent infringement proceedings in the Unified Patent Court ("UPC") and one pending patent infringement proceeding in the Munich District Court I (collectively, the "Foreign Infringement Proceedings").

2.      Hand Held's request for discovery is based upon this Application, its Memorandum of Law, the Declaration of Tobias Wuttke, and the exhibits attached thereto. A proposed discovery Order (attached as Exhibit A) together with Hand Held's narrowly tailored Subpoena (attached as Exhibit B) are also submitted concurrently herewith.

3.      Hand Held has strong grounds to believe that Scandit AG and Scandit, Inc., a wholly owned subsidiary of Scandit AG, are infringing Hand Held's worldwide patent rights. Hand Held seeks targeted information from Scandit, Inc. that is highly relevant to the Foreign Infringement Proceedings. However, the Munich District Court I and UPC tribunals do not provide discovery procedures comparable to those available in the United States district courts. Accordingly, absent relief under 28 U.S.C. § 1782, Hand Held cannot obtain highly relevant documents from Scandit, Inc. in the Foreign Infringement Proceedings. Therefore, Hand Held seeks narrow discovery in this Court to enable the Munich District Court I and UPC to adjudicate the infringement actions before them based upon a complete factual record.

4.      Section 1782 authorizes federal district courts to order discovery for use in a foreign proceeding. In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise,

the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure

5.      This Application satisfies each of the statutory requirements of 28 U.S.C. § 1782. *First*, Scandit Inc. "resides or is found" in this District, because Scandit, Inc. maintains its principal place of business in Boston, Massachusetts. *Second*, Hand Held seeks discovery "for use in a proceeding in a foreign . . . tribunal," including the Regional Court of Munich, Germany and the UPC in Düsseldorf, Germany and Munich, Germany. *Third*, Hand Held qualifies as an "interested person" in the foreign proceeding, because Hand Held is a named party in each of the Foreign Infringement Actions. *Fourth*, this Application does not request discovery subject to any applicable privilege.

6.      As set forth in the accompanying Memorandum of Law, the Section 1782 discretionary factors enumerated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), favor Hand Held's discovery request. *First*, the requested discovery is beyond the reach of the foreign jurisdictions and thus cannot be obtained in any of the Foreign Infringement Proceedings except with this Court's aid.  *Second*, the Munich District Court I and UPC are receptive to the discovery sought here. Third, the discovery does not seek to avoid any restriction on gathering evidence in the Munich District Court I or UPC. *Finally*, the subpoenas are narrowly tailored and are not unduly intrusive or burdensome to Scandit, Inc. To the extent the requested documents contain confidential business information, Hand Held will agree to protect the information from disclosure as may be appropriate.

WHEREFORE, Hand Held respectfully requests that this Court enter an order:

1.      Granting the Application for discovery from Respondent Scandit, Inc. pursuant to 28 U.S.C. § 1782;

2.      Authorizing Applicant to take discovery from Respondent Scandit, Inc. by issuing the Subpoena for the production of documents; and

3.      Directing Respondent Scandit, Inc. to comply with the Subpoena in accordance with the Federal Rules of Civil Procedure and the Rules of this Court.

OF COUNSEL:

Douglas L. Sawyer (*pro hac forthcoming*)
dougsawyer@paulhastings.com
Mark T. Smith (*pro hac forthcoming*)
marksmith@paulhastings.com
PAUL HASTINGS LLP
71 South Wacker Drive
45th Floor
Chicago, Illinois 60606
Telephone:      1(312) 499-6000
Facsimile:      1(312) 499-6100


Dated: July 15, 2024

/s/ *Matthias Kamber*

Matthias Kamber (BBO #654217)
matthiaskamber@paulhastings.com
PAUL HASTINGS LLP
101 California Street
48th Floor
San Francisco, CA 94111
Telephone:      1(415) 856-7050
Facsimile:      1(415) 856-7150